# EXHIBIT "B"

# Plaintiff's Complaint

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

MARGARET ANDRADE f/k/a
MARGARET M. FOWLER,
    Plaintiff

CASE NO: GD16-007459

v.

TRANSUNION, LLC and
COLLECTION MANAGEMENT COMPANY
d/b/a CREDIT MANAGEMENT COMPANY
    Defendant

## I. **INTRODUCTION**

1. This is a suit brought by a consumer, Margaret Andrade f/k/a Margaret M. Fowler, against Defendant Transunion, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL"). Specifically, the Defendant has erroneously and illegally reported incorrect information about a collection account that is years passed the time it can be reported on her consumer credit report. The credit reporting agency had been informed that the account was years passed, yet the credit reporting agency ignored Ms. Andrade's notices and continued to incorrectly report the debt.

2. This is a suit brought by a consumer, Margaret Andrade f/k/a Margaret M. Fowler, against Defendant Collection Management Company d/b/a Credit Management Company for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Fair Debt Collections Practices Act, 15

USC § 1692, et seq. ("FDCPA"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL"). Specifically, the Defendant has erroneously and illegally reported incorrect information about a collection account that is years passed the time it can be reported on her consumer credit report, failed to note that the account was disputed and failed to provide proper validation or even a validation notice to the Plaintiff.

## II. **PARTIES**

2. Plaintiff, Margaret Andrade, is a natural person residing in Allegheny County, Pennsylvania. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL")

3. Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f). Trans Union is located at 555 West Adams Street, Chicago, IL 60661 and is a Delaware limited liability Company with a registered agent listed as The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. Defendant, Collection Management Company d/b/a Credit Management Company (hereinafter referred to as "Credit Management Company") is upon information and belief, located at 2121 Noblestown Road, Pittsburgh, PA 15205, and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, authorized representatives,

partners, employees, agents and/or workmen. Defendant Credit Management Company, which acts as a debt collector, as defined by § 1692a of the FDCPA and the state statutes, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts in the Commonwealth of Pennsylvania and in the County of Allegheny. Upon information and belief, defendant Credit Management Company is regularly engaged in the business of collecting debts due another person or entity and has been a member of the ACA (Association of Credit and Collection Professionals) since 1966.

5. Defendants regularly and continue to conduct business in Allegheny County, Pennsylvania.

### III. JURISDICTION AND VENUE

6. Venue is proper in Allegheny County, Pennsylvania pursuant to Pa R.C.P. 2179(a)(2). This case arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x and the

### IV. FACTUAL ALLEGATIONS

7. Plaintiff Margaret Andrade was a student at Washington & Jefferson College and graduated in May 2001.

8. Since her graduation she had never received a notice that she owed an outstanding debt to Washington & Jefferson College, until it appeared on her consumer credit reports in early 2016.

9. Earlier in 2016, Ms. Andrade noticed that a debt collector named Credit Management Company of 2121 Noblestown Road, Pittsburgh, PA 15205

had placed a derogatory or adverse account on her Transunion consumer credit report.

**CREDIT MANAGEMENT COMPANY #77217**\*\*
2121 NOBLESTOWN RD
PITTSBURGH, PA 15205
(800) 472-1483

| | | | | | |
|---|---|---|---|---|---|
| **Placed for Collection:** | 08/04/2015 | **Balance:** | $11,741 | **Pay Status:** | >In Collection< |
| | | **Date Updated:** | 10/05/2015 | | |
| **Responsibility:** | Individual Account | **Original Amount:** | $11,741 | | |
| **Account Type:** | Open Account | **Original Creditor:** | WASHINGTON JEFFERSON COLLEGE (Educational) | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | | | | |
| | | **Past Due:** | >$11,741< | | |

**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 11/2018

11. The placement of this account on Ms. Andrade's consumer credit reports was her first notice of this account. It is believed that the trade line was also placed on her Experian and Equifax credit reports.

12. Ms. Andrade's disputes that she owes this debt.

13. Ms. Andrade contacted the debt collector Credit Management Company and disputed the debt and requested validation of the debt.

14. Credit Management Company simply responded that the information was correct, but refused to provide any underlying documents.

15. Credit Management Company also refused to note that she disputed the trade line.

16. It is believed and therefore averred that Credit Management Company will not update a consumer's credit report despite knowledge that the consumer disputes the debt.

17. If a furnisher of a credit report trade line, such as Credit Management Company, properly notes that the debt is disputed by the

consumer, the trade line will have then have a less derogatory implication to the consumer.

18. The furnisher of a credit report trade line is required to accurately report the date of the delinquency so that if the debt is over 7.5 years old it will not appear on a consumers credit report.

19. It is believed that Credit Management Company had knowledge that the purported delinquency was from 2001.

20. Ms. Andrade then contacted Washington & Jefferson College, who stated that they showed an outstanding loan from 2001, but also refused to provide documentation. The representative from Washington & Jefferson College said they had nothing else to do with the debt and to contact the collection agency Credit Management Company.

21. On April 11, 2016, Plaintiff disputed with Transunion that the Credit Management Company trade line was from a 2001 loan with Washington & Jefferson College and was outdated and asked to remove it.

22. On April 15, 2016, Transunion responded to Ms. Andrade's dispute by confirming that Credit Management Company trade line was correct and refused to remove it.

23. Ms. Andrade has disputed Transunion and Credit Management Company's inaccurate and derogatory reporting both oral and written communications to their representatives and by following their established procedures for disputing consumer credit information.

24. Despite Plaintiff's efforts, Defendants have never contacted any third parties that would have relevant information concerning Plaintiff's alleged debt to Washington & Jefferson and/or Credit Management Company.

25. Despite Plaintiff's efforts, the Credit Agency has never contacted Plaintiff to forward any relevant information concerning Plaintiff's alleged debt to Washington & Jefferson and/or Credit Management Company.

26. Despite Plaintiff's efforts, Defendant has never requested or obtained verified, accurate proof or other documents which conclusively establish the nature of Plaintiff's alleged debt to Washington & Jefferson and/or Credit Management Company.

27. Credit Management Company continues to report the inaccurate and derogatory trade line and does not even note that the consumer disputes the account information.

28. Ms. Andrade is currently applying for a pre-approval mortgage and was informed by the mortgage company that she would not qualify for a mortgage until the Credit Management Company trade line was removed.

29. Another consumer credit reporting agency, Equifax has properly removed the outdated Credit Management Company trade line.

### FIRST CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Transunion

30. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

31. Transunion (are persons as that term is defined by the FCRA, § 1681a(b)), and are a consumer reporting agencies as contemplated by the FCRA.

32. Pursuant to FCRA § 1681i, Transunion had a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Transunion.

33. Transunion violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the stale Credit Management Company trade line when requested to do so.

34. Transunion's failure to correct the disputed information and its continued reports to third parties that Plaintiff had a current collection debt against her constitute willful and/or negligent violations of FCRA § 1681i.

35. When preparing a credit report regarding a consumer, the CRAs are also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

36. As a result of Transunion's failure to comply with the mandates of the FCRA, Plaintiff suffered and continues to suffer damage.

37. As a result of Transunion's actions and omissions, Plaintiff has suffered actual damages, including without limitation out-of-pocket expenses, detriment to her credit rating, potential rejection of credit, and emotional distress and embarrassment. Defendant's inaccurate and derogatory reporting

has also harmed Plaintiff's reputation and dignity and will continue to harm Plaintiff's reputation and dignity well into the future.

38. At all times pertinent hereto, Transunion was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

39. For its willful violations of the FCRA, Transunion is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

40. For its negligent violations of the FCRA, Transunion is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

41. Transunion's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### Violation of Unfair Trade Practices and Consumer Protection Law
### Transunion

42. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

43. Defendant's conduct as described above violated the Pennsylvania UTPCPL, 73 P.S. §§ 201-2(4)(xxi): Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

44. For Defendant's unfair acts, Plaintiff seeks her damages, statutory damages, treble damages, and attorney's fees and costs pursuant to the Pennsylvania UDAP.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; damages pursuant to the UTPCPL; and such other relief as this Court deems appropriate.

### THIRD CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Credit Management Compnay

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendant Credit Management Company willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

47. As a result of Credit Management Company's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and

emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

48. Credit Management Company's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

49. Plaintiff is entitled to recover costs and attorney's fees from Defendant Credit Management Company pursuant to 15 U.S.C. §§ 1681n and 1681o.

### FOURTH CAUSE OF ACTION
### Violations of Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq.* – Credit Management Company

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51. Defendant Credit Management Company agent, servant and/or employee have engaged in acts and practices in violation of the FDCPA in collection activity with respect to Ms. Andrade's alleged consumer Collection Account debt.

52. The alleged debt, the validity of which Plaintiff disputes, was for personal, family, or household purposes, *i.e.*, a personal credit card or loan, bring Defendant's collection activities within the purview of the FDCPA, 15 U.S.C. §1692a(5).

53. Plaintiff Ms. Andrade is a "consumer" as the term is defined in the FDCPA.

54. Defendant, its agents, servants, and/or employees, are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

55. The reporting of a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms...." *Rivera v. Bank One*, 145 F.R.D. 614, 1993 WL 30681 (D.PR. 1993), Accord *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

56. The FTC over fifteen years ago noted, "[W]e believe the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." FTC Staff Letter of Dec. 4, 1997.

57. "The act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be "in connection with" the collection of a debt"; *Blanks v. Ford Motor Credit*, 2005 WL 43981 *3 (N. D. Tex. Jan. 7, 2005). *Sullivan v. Equifax, Inc.*, 2002 WL 799856, *5 (E.D. Pa., 2002) *Finnegan v. Univ. of Rochester Med. Ctr.*, 21 F. Supp. 2d 223, 229 (W.D.N.Y., 1998) *Mitchell v. Surety Acceptance Corp.*, 838 F. Supp. 497, 501 (D. Colo., 1993) *Hoffman v. Partners*, 2007 WL 358158 (N.D.Ill. 1993) *Purnell v. Arrow Fin Servs*, 2007 WL 421828 (E.D.Mich. 2007) *Harris v. TransUnion*, 293 F.Supp.2d 1156 (D.Hawaii 2003) *Screen v. Equifax*, 303 F.Supp.2d 685 (D.Md. 2004).

58. Credit Management Company knowingly reported false information about the debt to the credit bureau. See *Sullivan v. Equifax, Inc.*, 2002 US Dist. LEXIS 7884 (E.D. Pa 2002).

59. Plaintiff has been damaged as a result of the actions of Credit Management Company, its agents, servants, and/or employees, as a result of the false, deceptive and misleading representations, practices and violations outlined herein, and have otherwise suffered damages to his reputation.

60. Credit Management Company, its agents, servants, and/or employees, actions in reporting incorrect information to the credit bureaus, and continuing to falsely report the debt after notice was done knowingly, maliciously, recklessly and with the intent of deceiving Plaintiff, thereby improving the chances of obtaining a monetary payment from Plaintiff.

61. The conduct or omissions of Defendant, its agents, servants, and/or employees, as described above, violates the FDCPA, 15 U.S.C. § 1692e's prohibition against the use of false, deceptive, or misleading conduct in attempting to collect a debt and 1692e(8) communicating to any person credit information which is known or which should be known to be false.

62. The conduct or omissions of Defendant, its agents, servants, and/or employees, as described above, violates the FDCPA, 15 U.S.C. § 1692d's prohibition against conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

63. Credit Management Company, its agents, servants, and/or employees, actions described above also constitute a violation of 15 U.S.C. § 1692f entitled "Unfair practices", which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

64. Despite demand by Ms. Andrade for validation of the debt, Credit Management Company refused to provide the information and continued to unlawful report the debt with hopes that it can extort money from Ms. Andrade.

65. Credit Management Company has never sent to Ms. Andrade a notice that complies with the FDCPA 1692g, despite a legal requirement to provide same.

66. As a result of Credit Management Company, its agents, servants, and/or employees, violations of the FDCPA as set forth herein, Credit Management Company, its agents, servants, and/or employees, are liable to Plaintiff pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) the amount of actual damages sustained, plus $1,000; (ii) costs of bringing this action, plus reasonable attorneys' fees as determined by the Court; (iii) such other and further relief as the Court deems appropriate.

### FIFTH CAUSE OF ACTION
### Violation of Unfair Trade Practices and Consumer Protection Law
### Credit Management Company

2. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

3. Defendant's conduct as described above violated the Pennsylvania UTPCPL, 73 P.S. §§ 201-2(4)(xxi): Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

4. For Defendant's unfair acts, Plaintiff seeks her damages, statutory damages, treble damages, and attorney's fees and costs pursuant to the Pennsylvania UDAP.

WHEREFORE, Plaintiff requests an amount in excess of arbitration limits and that the Court grant the following relief in his favor and against Defendants:

a. Actual damage, statutory damages, and punitive damages.

b. Attorney's fees, litigation expenses and costs.

c. Such other and further relief as is appropriate

AN AMOUNT IN EXCESS OF ARBITRATION LIMITS.

Jury Trial Demanded

**PLAINTIFF, MARGARET ANDRADE**

By: _/s/ Clayton S. Morrow_
Clayton Morrow, Esquire

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
General Office Phone (412) 281-1250
Direct Phone (412) 209-0656

csm@ConsumerLaw365.com

## VERIFICATION 

I, Margaret Andrade, state that I am the Plaintiff in this action and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa C.S.A. Section 4904 relating to unsworn falsification to authorities.

/s/ *Margaret Andrade*
MARGARET ANDRADE